IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY

**MICHAEL ALLEN KOKOSKI,**

      **Petitioner,**

v.                                          **Case No. 5:07-cv-00145**

**HATTIE SMALL, Acting Warden,
FCI Beckley,**

      **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

On March 8, 2007, Petitioner, who is incarcerated at FCI Beckley, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (docket sheet document # 1). This matter is assigned to the Honorable Thomas E. Johnston, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## PROCEDURAL HISTORY

On March 31, 2002, Plaintiff was indicted on one count of possession with intent to distribute marijuana and LSD in violation of 21 U.S.C. § 841(a)(1). (<u>United States v. Kokoski</u>, Case No. 5:92-cr-00090). On July 15, 1992, a four count Superseding Indictment was filed charging Plaintiff with one count of conspiracy to distribute LSD (Count One), two counts of distribution of LSD to a person under 21 years of age (Counts Two

and Three), and one count of employing a person under the age of 18 to distribute LSD (Count Four), all in violation of 21 U.S.C. §§ 841(a)(1), 846, 856, and 861(a)(1).

Plaintiff's criminal proceedings were delayed while Plaintiff underwent a competency evaluation.  Plaintiff was ultimately found competent.

On July 27, 1994, Petitioner pled guilty to one count of employing a person under eighteen years old to distribute LSD in violation of 21 U.S.C. §§ 841(a)(1) and 861(a)(1).  United States v. Kokoski, 5:92-cr-0090 (S.D. W. Va.)(hereinafter "the LSD conviction").  On September 19, 1994, the presiding District Judge sentenced Petitioner to 144 months in prison, followed by a six-year term of supervised release, and also assessed a $5,000 fine. (# 157).

Plaintiff appealed his conviction and sentence to the United States Court of Appeals for the Fourth Circuit, challenging the District Court's competency determination and denial of credit for acceptance of responsibility.  The Fourth Circuit affirmed the District Court's judgment, and the Supreme Court subsequently denied Petitioner's petition for a writ of certiorari.  See United States v. Kokoski, 83 F.3d 411, 1996 WL 181482 (4th Cir.(W. Va.)), cert. denied, 519 U.S. 892 (Oct. 7, 1996).

Petitioner was subsequently charged with escape, in violation of 18 U.S.C. § 751(a), for escaping from the satellite prison camp

at FCI Beckley. United States v. Kokoski, 5:96-cr-00064 (S.D. W. Va.)(Chambers, J.). Petitioner pled guilty to the escape charge and was sentenced to 37 months in prison, which was to run consecutive to[1] his earlier sentence, followed by a three-year term of supervised release. (Id., Judgment in a Criminal Case, # 92)(hereinafter "the escape conviction").

Petitioner appealed his sentence on that charge to the Fourth Circuit, alleging that the District Court erred in sentencing him as a career offender under U.S.S.G. § 4B1.1, because his escape was not a "crime of violence," and that he was entitled to a downward adjustment under U.S.S.G. § 2P1.1(b)(3), because his escape was non-violent. The Fourth Circuit affirmed the District Court's judgment on December 19, 2000, and the Supreme Court denied certiorari on April 23, 2001. See United States v. Kokoski, 238 F.3d 416, 2000 WL 1853389 (4th Cir.(W.Va.)), cert. denied, 532 U.S. 999 (2001).

On October 11, 2001, the District Court authorized Petitioner's filing of a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody in 5:92-cr-00090 (the LSD conviction), even though the motion was

---

[1] The judgment order in Petitioner's escape case states that the sentences are consecutive. Subsequent proposed findings and recommendations submitted in Petitioner's post-conviction proceedings stated that the sentences were concurrent, but that was a typographical error that went uncorrected. Such an error does not supersede the criminal judgment orders.

filed beyond the time allowed for doing so.  The section 2255 motion was assigned Case No. 5:01-cv-00944. (See # 194 in 5:01-cv-0944).  The presiding District Judge denied Petitioner's section 2255 motion by Order entered on October 21, 2003. (# 253 in 5:01-cv-00944.) Petitioner appealed that order, and in March, 2004, the Fourth Circuit denied him a certificate of appealability and affirmed the District Court's decision. Kokoski v. United States, 90 Fed.Appx. 54 (4th Cir. (W. Va.), Mar 19, 2004), cert. denied, 543 U.S. 938 (2004).

On January 28, 2002, the Court received documents transferred from the Western District of Washington, Seattle Division, among which was a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241.  The District Court for the Western District of Washington construed Petitioner's petition as a motion to vacate sentence, filed under 28 U.S.C. § 2255 and, thus, transferred it to this district court for disposition.  The motion, which was styled Kokoski v. United States, 5:02-cv-00079, challenged both of Petitioner's convictions in this district.  The District Court denied the motion/petition by Order entered on March 15, 2005. (# 139 in 5:02-cv-00079).  Petitioner appealed that Order to the Fourth Circuit.  On March 30, 2006, the Fourth Circuit denied Petitioner a certificate of appealability and dismissed his appeal. Kokoski v. United States, 173 Fed. Appx. 263, 2006 WL 871107, (W. Va.), Mar. 30, 2006).  (# 175 in 5:02-cv-00079).

Since that time, including the instant petition, Petitioner has filed nine other section 2241 petitions, among other civil actions, some of which remain pending before the court, and some of which have been dismissed as being unauthorized successive section 2255 motions.  The undersigned will now address Grounds Three and Four of Petitioner's instant section 2241 petition.

## ANALYSIS

### A.   Ground Three

The claim asserted in Ground Three of Petitioner's instant petition involves the same claim of alleged fraud upon the court that Petitioner has repeatedly raised in his other matters. Petitioner claims that government agents committed fraud in obtaining the search warrant that was used to discover the drug evidence that supported Petitioner's LSD charge, to which Petitioner pled guilty on July 28, 1994.

Petitioner failed to raise this claim in his direct appeal. Furthermore, although Petitioner did raise this claim in his first section 2255 motion, the district court found that Petitioner waived the right to make any such claim, as a result of his guilty plea.  Petitioner has repeatedly raised this same issue in almost all of his post-conviction filings, and the judges of this district court have exhaustively addressed this claim and found it to be without merit.

**B. Ground Four**

In Ground Four of the instant petition, Petitioner asserts that the district court improperly applied a career offender enhancement to his sentence for escaping from the satellite prison camp at FCI Beckley, because an underlying conviction in the State of Ohio, which was used as a predicate offense in determining whether Petitioner was eligible for the career offender enhancement, was not a controlled substance offense. In his direct appeal of his escape sentence, Petitioner challenged the imposition of the career offender enhancement only on the basis that his escape from the satellite camp at FCI Beckley, in and of itself, was not a "crime of violence." Petitioner did not challenge the propriety of the enhancement based upon any of the other underlying crimes that formed the basis for the career offender enhancement. (See United States v. Kokoski, No. 004389, 238 F.3d 416, 2000 WL 1853389 (4th Cir. (W. Va.)), cert. denied, 532 U.S. 999 (2001). Likewise, Petitioner did not assert this claim in his section 2255 motion concerning that conviction and sentence, or in any of his subsequent post-conviction filings.

This claim concerns the validity of Petitioner's escape sentence, not its execution. Applications under 28 U.S.C. § 2255 are the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. In Re Jones, 226 F.3d 328, 333 (4th

Cir. 2000)("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The Petitioner bears the burden of showing the inadequacy or ineffectiveness of a section 2255 motion. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979).

Petitioner did not file a timely section 2255 motion concerning this claim, and any such motion is now procedurally barred. The fact that relief under section 2255 is barred procedurally or by the gatekeeping requirements of section 2255 does not render the remedy of section 2255 inadequate or ineffective. In re Jones, 226 F.3d at 332; Young v. Conley, 128 F.Supp.2d 354, 357 (S.D. W. Va. 2001)(Haden, C.J.). The remedy under section 2241 is not an additional, alternative, or supplemental remedy to that prescribed under section 2255. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

### RECOMMENDATION

The claims contained in Grounds Three and Four of the instant section 2241 petition amount to requests for collateral review of Petitioner's prior convictions and sentences, and in view of the section 2255 proceedings previously conducted in Case Nos. 5:01-cv-00944 and 5:02-cv-00079, these claims must be deemed to be an

attempt to file successive section 2255 motions without certification by the United States Court of Appeals for the Fourth Circuit, pursuant to 28 U.S.C. § 2244(b)(3). Under these circumstances, this court has no jurisdiction to consider Petitioner's claims, and these claims must be dismissed.

The undersigned proposes that the presiding District Judge **FIND** that Grounds Three and Four of Petitioner's petition in the instant case must be regarded as successive motions to vacate, set aside or correct his sentences under 28 U.S.C. § 2255. As such, the District Court is without jurisdiction to consider those grounds for relief because Petitioner has not obtained certification to file a successive motion(s) from the Fourth Circuit, pursuant to 28 U.S.C. § 2244(b)(3).[2]

Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Grounds Three and Four of Petitioner's section 2241 petition (# 1).

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the

---

[2] Title 28, Section 2244(b)(3)(A) of the United States Code states that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Petitioner shall have ten days (filing of objections), and then three days (service/mailing), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of <u>de novo</u> review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. <u>Snyder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on Judge Johnston and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Petitioner.

    March 22, 2007                                *Mary E. Stanley*
        Date                                       Mary E. Stanley
                                                          United States Magistrate Judge